IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES ROBERT JONES,

             Plaintiff,

v.

ANDREW SAUL,
Commissioner of Social Security,

             Defendant.

OPINION AND ORDER

18-cv-851-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff James Robert Jones is seeking review of a final decision denying his claim for supplemental security income under the Social Security Act. 42 U.S.C. § 405(g). (I have amended the caption to reflect the fact that the new Commissioner of Social Security is Andrew M. Saul.) The administrative law judge found that plaintiff was impaired by depression, anxiety, substance abuse disorder, schizophrenia and bipolar disorder, but that he could still perform work in the national economy despite his impairments. Plaintiff contends that the administrative law judge erred by: (1) relying on the outdated opinions of the state agency psychologists; and (2) failing to adequately incorporate plaintiff's mental limitations related to concentration, persistence and pace into the residual functional capacity assessment and the hypothetical question presented to the vocational expert. Although the administrative law judge did not err in relying on the opinions of the state agency psychologists, the administrative law judge did fail to adequately address the

1

limitations provided by those psychologists. Therefore, I will remand the case for further proceedings.

The following facts are drawn from the administrative record (AR).

BACKGROUND

Plaintiff James Robert Jones was born in 1972, making him 42 at the time he filed for supplemental security income in November 2014. Plaintiff stated that he had been disabled since May 2014 by numerous physical and mental impairments, including post-traumatic stress disorder, attention deficit hyperactivity disorder, learning disabilities, depression, anxiety, bipolar disorder, schizophrenia, chronic epididymitis and chronic diverticulitis. AR 229. His application was denied initially and on reconsideration, and plaintiff requested a hearing before an administrative law judge. After the hearing, the administrative law judge issued a written decision concluding that plaintiff was not disabled. AR 12-29.

In his decision, the administrative law judge following the five-step sequential evaluation of disability set out by the regulations. 20 C.F.R. § 416.920. At step one, the administrative law judge found that plaintiff had not engaged in substantial gainful activity since applying for disability. AR 17. (The record shows that plaintiff has little to no significant work history.) At steps two and three, the administrative law judge found that plaintiff had a number of severe impairments, including depression, anxiety, substance abuse disorder, schizophrenia and bipolar disorder, but that none of those impairments met or

equaled the severity criteria of a listed impairment. AR 17-18. At steps three and four, the administrative law judge found that plaintiff had the residual functional capacity to perform a full range of work at all exertional levels, with the following nonexertional limitations:

> simple, routine and repetitive tasks; is unable to work at a production-rate pace but can perform goal-oriented work; can make simple, work-related decisions and tolerate routine work-place changes; can occasionally interact with supervisors, coworkers and the public.

AR 20. At steps four and five, the administrative law judge determined that plaintiff had no past relevant work, but that based on vocational expert testimony, plaintiff could perform a significant number of jobs in the national economy. AR 28-29.

In August 2017, the appeals council denied plaintiff's request for review, AR 1-4, making the administrative law judge's decision the final decision of the commissioner. Plaintiff then filed this lawsuit under 42 U.S.C. § 405(g).

OPINION

Plaintiff makes two narrow arguments related to the administrative law judge's handling of his mental impairments. He argues that the administrative law judge erred by (1) giving great weight to the opinions of two state agency psychological consultants; and (2) failing to adequately incorporate plaintiff's mental limitations related to concentration, persistence and pace into the residual functional capacity assessment and the hypothetical question presented to the vocational expert.

In reviewing the administrative law judge's decision with respect to these two arguments, I must determine whether the decision is supported by "substantial evidence,"

3

meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moon v. Colvin, 763 F.3d 718, 721 (7th Cir. 2014) (citations omitted). This deferential standard of review "does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision." Id. The administrative law judge must identify the relevant evidence and build a "logical bridge" between that evidence and the ultimate determination. Id. See also Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005) ("[T]he ALJ must . . . explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review."); Villano v. Astrue, 556 F.3d 558, 562 (7th Cir. 2009).

## A. State Psychological Consultants

The administrative law judge gave great weight to the opinions of two state agency psychological consultants, Frank Orosz and Deborah Pape. Orosz gave the opinion that although plaintiff's post-traumatic stress disorder was severe and limiting, plaintiff would "still be able to sustain the mental demands of unskilled work." AR 72. Orosz found that plaintiff was not significantly limited in his ability to carry out short and simple instructions, sustain an ordinary routine without special supervision, make simple work-related decisions and work in coordination with and in proximity to others. AR 76. However, Orosz found the plaintiff was moderately limited in his ability to understand and remember detailed instructions, maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances,

4

perform at a consistent pace without an unreasonable number and length of rest periods and complete a normal workday and workweek without interruptions from psychologically based symptoms. Id. Deborah Pape, another state agency psychological consultant, reached the same conclusions as Orosz had, regarding plaintiff's mental limitations. AR 91.

In concluding that Orosz's and Pape's opinions were entitled to great weight, the administrative law judge stated:

> Both doctors opined that the claimant could remember and carry out simple instructions, in a job that did not require frequent public contact, with "a fairly regular set of duties and expectations." This is consistent with the record as a whole, which does reflect ongoing anxious and depressed moods, difficulty getting along with others, and a need for psychiatric care, but which also reflects frequent medication noncompliance and a wide range of admitted home activities. I therefore adopt the doctors' proposed limitations as the residual functional capacity, but further find that, in light of his depressed and anxious moods even during periods of medication compliance which would certainly limit his ability to interact with others, the claimant can only occasionally interact with coworkers and supervisors, as well as the public.

AR 26-27.

Plaintiff contends that the administrative law judge erred in relying on Orosz's and Pape's opinions because their opinions did not account for evidence later entered into the record. In particular, Orosz reviewed records through March 2015 and Pape reviewed records through June 2015. Neither had access to records showing that on two occasions in November 2016, plaintiff's doctor had him escorted to the hospital and admitted to an inpatient psychiatric unit because he was expressing paranoid thoughts, hallucinations and thoughts of self-harm. AR 585, 594-602, 608-09.

5

Plaintiff's argument is not persuasive. An administrative law judge should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion. Moreno v. Berryhill, 882 F.3d 722, 728 (7th Cir. 2018); Stage v. Colvin, 812 F.3d 1121, 1125 (7th Cir. 2016). However, in this instance, the November 2016 records would not likely have changed Orosz's or Pape's opinions. Plaintiff did not receive any new diagnoses or treatment after the November 2016 hospital visits. Instead, the discharging psychiatric nurse practitioner at the hospital gave the opinion that plaintiff was not bipolar or schizophrenic, that he should not have been admitted into the psychiatric care unit at all and that his sole focus seemed to be obtaining specific medications that he wanted. AR 599. The administrative law judge noted that these records actually suggested that plaintiff's behavior was manipulative. AR 25. In sum, these records do not show that plaintiff's mental health condition worsened or changed significantly after the state agency psychologists rendered their opinions. Therefore, remand for consideration of these records is not warranted.

B. Residual Functional Capacity Assessment

Plaintiff's second argument is more persuasive. Plaintiff contends that the administrative law judge erred by finding that plaintiff had moderate limitations in concentration, persistence and pace, but then failing to incorporate that finding into the hypothetical question that he asked the vocational expert. This is a problem that has been criticized by the court of appeals numerous times. E.g., Lanigan v. Berryhill, 865 F.3d 558,

6

566 (7th Cir. 2017); Taylor v. Colvin, 829 F.3d 799, 802 (7th Cir. 2016); O'Connor-Spinner v. Astrue, 627 F.3d 614, 618 (7th Cir. 2010). The court has explained that both the hypothetical posed to the vocational expert and the residual functional capacity assessment must incorporate all of the claimant's limitations supported by the medical record. Yurt v. Colvin, 758 F.3d 850, 857 (7th Cir. 2014).

In this instance, the administrative law judge provided the following residual functional capacity assessment as it relates to plaintiff's mental impairments:

> limited to simple, routine and repetitive tasks; is unable to work at a production-rate pace but can perform goal-oriented work; can make simple, work-related decisions and tolerate routine work-place changes; can occasionally interact with supervisors, coworkers and the public.

AR 20. When questioning the vocational expert, the administrative law judge asked the expert to assess the job prospects of a person who is capable of performing work at all exertional levels, but who would be limited as stated in the residual functional capacity. AR 60. The vocational expert testified that a person with those limitations could perform work as a cleaner, housekeeper or order picker. AR 60-61. As a result, the administrative law judge found the plaintiff was not disabled.

Plaintiff contends that the administrative law judge did not explain how the limitations he provided accounted for plaintiff's moderate limitations in concentration, persistence and pace. In particular, plaintiff argues that the administrative law judge's limitation to "simple, routine and repetitive tasks" addresses vocational skill, but not concentration persistence and pace; the limitation to no "production-rate pace" is too vague to adequately address pace; and the limitation to "simple, work-related decisions" with

7

"routine work-place changes" and occasional interactions with others refers to social functioning and adaption, not concentration, persistence and pace. These arguments alone would not be sufficient to justify a remand of this case. As the court of appeals explained recently in Jozefyk v. Berryhill, 923 F.3d 492 (7th Cir. 2019), a finding that a claimant has moderate limitations in concentration, persistence and pace does not require automatically that specific limitations be incorporated into the residual functional capacity assessment. Id. Instead, the residual functional capacity assessment must "adequately account for the claimant's demonstrated psychological symptoms." Id. at 498. In Jozefyk, the court upheld that commissioner's decision because the claimant had not cited any evidence that his specific limitations would prevent him from performing work under the terms of his residual functional capacity. Id.

However, plaintiff points to the opinions of Orosz and Pape, the state psychological consultants, as evidence showing that the residual functional capacity does not account for his specific mental limitations. As discussed above, these consultants found that plaintiff had moderate limitations in his ability to carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule; maintain regular attendance and be punctual within customary tolerances; complete a normal workday and workweek without interruption from psychologically based symptoms; and perform at a consistent pace without an unreasonable number and length of rest periods. AR 76, 91.

The administrative law judge placed "great weight" on their opinions, AR 26, and incorporated some of their limitations into his residual functional capacity assessment. In

8

particular, the residual functional capacity accounts for Orosz's and Pape's limitations regarding plaintiff's ability to follow instructions. However, the administrative law judge did not include in the residual functional capacity assessment or the hypothetical question presented to the vocational examiner the limitations that the consultants identified relating to attention span, attendance, punctuality and ability to complete a normal workday and workweek without interruption. The administrative law judge also does not explain whether or how he considered the consultants' findings in these areas.

The commissioner says that the administrative law judge did not have to incorporate all of Orosz's and Pape's specific findings because Orosz and Pape "translated" their findings into narrative form. Under "explain in narrative form the sustained concentration and persistence capacities and/or limitations," Orosz wrote:

> The [claimant] has PTSD. Exams indicate that his mood is somewhat depressed. He is endorsing a combination of hypervigilance and paranoia. He also has some mildly decreased psychomotor activity noted. He would have difficulty with concentrating and completing tasks at times. He would generally be able to focus to complete tasks of only 2-3 steps, and would have increased difficulty with more complex tasks.

AR 76. In the narrative section of her assessment, Pape wrote:

> The [claimant] has PTSD & ADHD which has responded to therapy and medication. He would generally be able to focus to complete tasks of only 2-3 steps, and would have increased difficulty with more complex tasks.

AR 91. The commissioner says that these narratives adequately cover the consultants' observations about plaintiff's limitations related to concentration, persistence and pace.

However, the commissioner's argument fails under the court of appeals' decision in Yurt, 758 F.3d at 857-58, and Varga v. Colvin, 794 F.3d 809, 816 (7th Cir. 2015). In Yurt,

9

the court explained that the residual functional capacity and hypothetical to the vocational expert must include all of the limitations supported by the medical record. Id. at 857-58. In Varga, the court held that an administrative law judge may rely on an expert's narrative summary of limitations only "where that narrative adequately encapsulates and translates" the experts' specific observations. Id. at 816.

In this case, Orosz's and Pape's narrative summaries do not cover all of the limitations they found in their assessments relating to concentration, persistence and pace. Neither narrative appears to address the limitations Orosz and Pape found related to attendance, punctuality or ability to complete a normal workday and workweek without interruption. In addition, although Orosz's narrative addresses attention-span by stating that plaintiff would have "difficulty with concentrating and completing tasks at times," the administrative law judge did not incorporate this limitation into the residual functional capacity assessment. Therefore, this case must be remanded so that the administrative law judge can address all of the restrictions noted by the state psychological consultants.

ORDER

IT IS ORDERED that the decision of defendant Andrew Saul, Commissioner of Social Security, denying plaintiff James Robert Jones's application for supplemental security income is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for

further proceedings consistent with this opinion.

    Entered this 3d day of December, 2019.

                                      BY THE COURT:

                                      /s/

                                    _____
                                    BARBARA B. CRABB
                                    District Judge