IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES ROBERT JONES,

       Plaintiff,

 v.                   OPINION and ORDER

CAROLYN COLVIN,
Acting Commissioner of the Social      18-cv-851-jdp
Security Administration,

       Defendant.[1]

Dana W. Duncan, counsel for plaintiff James Jones, moves under 42 U.S.C. § 406(b) for a fee award of $8,908.19 after Jones was awarded $35,632.75 in past-due benefits in December 2020. Dkt. 25. Counsel's requested fee is less than 25 percent of Jones's past-due benefits, so it falls within the amount allowed by statute and the parties' fee agreement. Dkt. 24-1. Counsel was previously awarded $6,900.00 in fees under Equal Access to Justice Act (EAJA). Dkt. 23. Counsel asks the court to allow him to retain the EAJA award and award an additional amount of $2,008.19, the difference between the total requested fee award and the EAJA award that he already received.

The commissioner opposes counsel's fee request as untimely but takes no position on whether the requested amount is reasonable. Dkt. 28. Because Duncan's motion is untimely, the court will deny the motion.

---

[1] The court has amended the caption to reflect Colvin's appointment as Acting Commissioner. *See* Fed. R. Civ. P. 25(d).

ANALYSIS

Attorney fees awarded under § 406(b) are paid by the plaintiff out of the plaintiff's past-due benefits. When the Commissioner grants past-due benefits, the Commissioner withholds up to 25 percent for the purpose of paying attorney's fees. SSA-POMS: GN 03920.035. If the attorney does not file a timely petition for fees, the Commissioner disburses the withheld benefits to the plaintiff. 20 C.F.R. § 404.1730(c).

Here, Jones received a favorable decision from the Social Security Administration in December 2020. Dkt. 24-2, at 1. Jones was issued a notice of the award on February 12, 2021. Dkt. 24-2. The copy of the notice that Duncan filed with his motion for fees has a "received" stamp dated July 25, 2022, which suggests that Duncan's firm received the notice more than a year after it was issued to Jones. The notice does not indicate whether any of the benefits were withheld for payment of attorney fees, and neither Duncan nor the Commissioner say whether the Commissioner sent any follow-up correspondence about attorney fees.

Duncan's motion does not explain why he waited until May 2024, well over three years after the date of the notice and almost two years after the date on the "received" stamp, to move for fees. The Commissioner objects that Duncan's motion is untimely, and Duncan did not file a reply brief to address the timeliness issue.

Section 406(b) does not set a deadline for filing a motion for attorney fees, but the Seventh Circuit has held that a petition for fees under § 406(b) must be brought within a "reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 156 (7th Cir. 1987). The Seventh Circuit has not explained from what date an attorney's time to request fees begins to run. *Waldemar v. Berryhill*, No. 15-cv-500-jdp, 2018 WL 4076449, at *2 (W.D. Wis. Aug. 27, 2018). But Duncan's motion is untimely under any possible interpretation of "reasonable time."

Duncan offers no excuse or justification for his decision to move for fees more than three years after the notice of award was issued. The notice of award does not specify whether the Commissioner withheld any funds from the benefits award for attorney fees. And the Commissioner does not specify that the benefits were fully disbursed. But the notice of award says that it would be paid in three installments up to six months apart, beginning in February 2021. Dkt. 24-2, at 2. Even if the installments were spread out the full six months apart, the date for full disbursement has long since passed. Duncan offers no evidence that the Commissioner continued to withhold benefits for years awaiting a potential motion for attorney fees. Duncan's delay would likely prejudice Jones, who has likely used the funds since he began receiving them in 2021.

ORDER

IT IS ORDERED that Dana W. Duncan's motion in support for authorization of attorney's fees pursuant to § 406(b)(1), Dkt. 24, is DENIED.

Entered January 8, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge